**LOCAL 12298, DISTRICT 50 UNITED MINE WORKERS OF AMERICA, and District 50 United Mine Workers of America, Plaintiffs,**

v.

**The BRIDGEPORT GAS COMPANY, Defendant.**

**Civ. No. 9281.**

United States District Court
D. Connecticut.

Feb. 6, 1963.

Rehearing Denied June 26, 1963.

298

John A. Arcudi, Bridgeport, Conn., for plaintiffs.

Charles Covert, of Marsh, Day & Calhoun, Bridgeport, Conn., for defendant.

TIMBERS, District Judge.

Plaintiffs having filed, pursuant to 9 U.S.C. § 4, a petition to compel arbitration of a dispute between the parties claimed to arise under a collective bargaining agreement executed January 16, 1961; defendant having filed an answer to the said petition; and plaintiffs having moved, pursuant to Rule 56, Fed.R. Civ.P., for summary judgment; and

The Court, having heard arguments by counsel for the respective parties; having considered their pleadings, motions, affidavits and briefs; and being of the opinion that plaintiffs' motion for summary judgment should be denied and that summary judgment in favor of defendant should be granted for the reasons

(1) That defendant's determination, upon the retirement October 31, 1961 of William Hulton, that no vacancy existed as a result of his retirement because of a lack of work and defendant's refusal therefore to post any vacancy, did not constitute a grievance within the terms of the collective bargaining agreement between the parties;

(2) That, since the dispute does not relate to "rates of pay, wages, hours of employment and other conditions of employment" (first paragraph of Article XIII of collective bargaining agreement), it is not within the scope of matters required by the agreement to be submitted to arbitration;

(3) That, since the dispute does relate to "The direction of the employed personnel, including the right to hire, to suspend or discharge for proper cause, to transfer, promote or demote and the right to relieve employees from duty because of lack of work * * *" (Section 5 of Article I of collective bargaining agreement), it is within the scope of exclusive management functions;

(4) That the history of collective bargaining negotiations between the parties for a number of years confirms the understanding of the parties that it is exclusively the prerogative of management under the collective bargaining agreement to deal with such matters as whether or not, due to lack of work, to fill a vacancy due to retirement; indeed, plaintiffs' proposal during negotiations for the 1959 contract specifically to circumscribe defendant's exclusive function to determine the non-existence of a vacancy due to lack of work was rejected by defendant, following which the collective bargaining agreement was executed containing in all material respects the same clauses here involved, including the limited arbitration clause and the specific exclusion clause; and

(5) That defendant's position is supported by United Steel

Workers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) and Operating Engineers, Local 725 v. Standard Oil Company, 186 F.Supp. 895 (D.N.Dak.1960); it is

Ordered that plaintiffs' motion for summary judgment be, and the same hereby is, denied; and it is further

Ordered that summary judgment be, and the same hereby is, granted in favor of defendant.